VIVAS ET AL., PLAINTIFFS AND APPELLANTS, *v.* HERNAIZ, TARGA & Co., DEFENDANTS AND APPELLEES.

## APPEAL from the District Court of Ponce in an Action of Intervention in Ownership.

### No. 1505.—Decided February 20, 1917.

DEED OF SALE—ATTACHMENT—PRESENTATION IN REGISTRY.—When the date of the presentation of a deed of sale of property in the registry does not appear from the statement of the case for the purpose of determining whether the said deed was presented prior to the date on which an attachment was levied on the said property as belonging to a person distinct from the purchaser, there is no basis upon which to consider the legal effects of the said deed in relation to its presentation.

COSTS—ATTORNEY FEES—BLAME.—The blame referred to in section 327 of the Code of Civil Procedure, as amended by the Act of March 12, 1908, means lack of cause of action on the part of the plaintiff, or lack of defense on the part of the defendant, which doctrine is the same as that set forth in Law VIII, Title XXII, *Partida* 3.

ID.—INTERVENTION—DEFENSE.—The declaration of the ownership of a property by defendant Roberto Vivas in the office of the Treasurer for the purposes of taxation, which property is of the same area and situated in the same ward as the property claimed by the plaintiff, and it not appearing that the properties are different or that the plaintiff made any opposition to the said declaration in any manner, are sufficient grounds for the belief of the other defendants, Hernaiz, Targa & Company, that the attached property belonged to Roberto Vivas, and in that belief they opposed the complaint of the intervenor, such belief being strengthened perhaps by the fact that the said defendant had been in possession of the plaintiff's property as lessee.

ID.—CROSS-COMPLAINT—BLAME OR TEMERITY—ATTORNEY FEES—BAD FAITH—
PROBABLE CAUSE.—The fact that a defendant withdraws his cross-complaint
at the trial because he has no evidence to support it, is not a sufficient
reason for imposing upon him the costs and fees incurred by the plain-
tiff by reason thereof when it is not shown that the said defendant acted
in bad faith or without probable cause; for in imposing costs the blame
or temerity of the defeated party is what should be considered, and such
blame or temerity should be weighed in the light of the case as a whole
and not according to separate incidents thereof.

ID.—DISCRETION OF COURT.—This court will not interfere with the exercise by
the lower court of its discretional powers in the absence of proof that it
has abused such discretion.

The facts are stated in the opinion.

*Mr. Edward P. Gibson* for the appellant.

*Messrs. Alvarez Nava & Domínguez* for appellees Hernaiz,
Targa & Company.

Appellee Roberto Vivas did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

In this case the plaintiff, María Rafaela Estela Vivas,
claims to be the sole and exclusive owner of a rural property
of 30.50 *cuerdas* of land situated in Orocovis ward of the
municipal district of Barros, which property was attached
in an action of debt brought by defendants Hernaiz, Targa
& Company against the other defendant, Roberto Vivas.

The plaintiff alleges that she is in possession of the at-
tached property as owner in *plenum dominium;* that the
same is recorded in her name on page 30 of volume 2 of Ba-
rros, under No. 1188, entry 1, in the Registry of Property
of Caguas, and that defendant Roberto Vivas has no right,
interest, or share therein, and prays for judgment affirm-
ing her title of ownership and ordering the defendants who
opposed the complaint to pay the costs, disbursements and
attorney fees.

Vivas answered the complaint as admitting the facts al-
leged therein. The firm of Hernaiz, Targa & Company denied
the essential facts thereof and alleged that the property in
controversy was and is owned exclusively by Roberto Vivas.

The said firm also filed a cross-complaint alleging substantially that after the attachment of the property in the year 1912 defendant Vivas conspired with the plaintiff to defraud his creditors and allowed the plaintiff to institute proceedings to establish her ownership of the said property, in which it was falsely represented that she had purchased the property with her own money, when the fact was that Roberto Vivas had always been and is the owner of the said property, the said dominion title proceedings having been prosecuted without the intervention of the true owner and recorded in the Registry of Property of Caguas on page 30 of volume 20 of Barros, property No. 1188.

The cross-complaint concludes with a prayer that the court adjudge null and void the dominion title proceedings and the record of the same, ordering that said record be canceled and that the property be recorded in the name of Roberto Vivas, with the costs, disbursements and attorney fees against the adverse party.

Plaintiff María Rafaela Estela Vivas moved to strike out the verified cross-complaint of Hernaiz, Targa & Company, which motion the court overruled by its order of November 12, 1913.

The plaintiff also demurred to the cross-complaint on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was also overruled by the court's order of November 6, 1915.

Later the plaintiff answered the cross-complaint, denying the fundamental allegations thereof and alleging in opposition that she purchased the property from Rodrigo Godoy by a deed executed before Notary Manuel A. Rivera, of Coamo, on October 30, 1907, the said property having been segregated at the time of purchase from a larger property recorded on page 100 of volume 5 of Barros, property No. 234, and she having no need to prosecute any dominion title proceedings.

The case was called on February 4, 1916, and at the beginning of the trial Hernaiz, Targa & Company moved for leave to withdraw the cross-complaint because they had no evidence to sustain the same, which motion the court granted at their risk.

The parties having introduced their evidence, the court rendered judgment on February 7, 1916, sustaining the complaint without special imposition of costs, and the plaintiff appealed to this court from the pronouncement relative to the costs.

In support of the said pronouncement the lower court held in its opinion that it had been satisfactorily shown that although plaintiff María Rafaela Estela Vivas acquired the property in question by public instrument No. 146, executed by Rodrigo Godoy y Moya in her favor before Notary Manuel A. Rivera on October 30, 1907, said property was not recorded in the registry of property until September 30, 1912, or after it was attached by Hernaiz, Targa & Company on September 25, 1912, at 2 p. m.; and that it was proved also from the certificate of the Treasurer of Porto Rico, which was admitted in evidence, that during the fiscal year 1912–13 Roberto Vivas declared for the purpose of taxation that he was the owner of a rural property of 30 *cuerdas* of land in the same ward of Orocovis of Barros, Porto Rico.

In view of these facts the said court arrived at the conclusion that defendants Hernaiz, Targa & Company acted in good faith and with probable cause in levying the said attachment on the property, inasmuch as they had well-founded reasons, based on defendant Roberto Vivas's own declaration, for believing that the attached property belonged to him and not to another.

As grounds of appeal the appellant assigns the following:

1. Error of law in not imposing the costs and attorney fees on account of the cross-complaint, which was considered as withdrawn by Hernaiz, Targa & Company at their risk.

2. Error in the construction of the evidence and in holding that Hernaiz, Targa & Company acted in good faith and with probable cause.

3. Abuse of discretion by the court in rendering the judgment without special imposition of costs.

Section 327 of the Code of Civil Procedure, as amended by an Act approved March 12, 1908, provides, among other things, that "the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered to be considered." The party against whom judgment is rendered is the party defeated in the action.

In the case of *Martínez* v. *Padilla,* 19 P. R. R. 555, we held that the blame to which the law refers indicates a lack of cause on the part of the plaintiff to bring and maintain an action and a lack of right on the part of the defendant to defend. This doctrine is the same as that laid down in Law VIII, Title XXII, *Partida* 3:

"Not only should judgment be rendered against persons who maintain or defend actions without just cause, but they should also be adjudged to pay the costs incurred by the adverse party to the action. Should the judge, however, be of the opinion that the party against whom judgment is rendered had good cause to maintain or defend his action, there is no reason why he should be taxed with the costs."

Manresa and Reus, distinguished commentators on the Spanish Law of Civil Procedure, express themselves as follows regarding the matter:

"In conformity with the *Partida* Law cited, judgment with costs should be rendered against the party who maintains or defends an action without *just cause;* that is to say, as a general rule he who fails to prove his case or make good his defense and as a consequence is vanquished in the suit, should be adjudged to pay the costs incurred by the prevailing party if it appear that the former litigated in bad faith or without *just cause;* but when such bad faith is not shown and when it cannot be held that he is a temerarious litigant because

the judge is of the opinion that 'the party against whom judgment is rendered had good cause to bring or defend an action, there is no reason why he should be taxed with the costs.' ''

The result of the evidence examined at the trial does not show that the District Court of Ponce abused its discretion in refusing to order that the defendants pay the plaintiff's costs and attorney fees.

The appellant made no objection to the weight which the lower court attached to the evidence, but assails the conclusion that Hernaiz, Targa & Company acted in good faith, with probable cause, or on well-founded grounds in levying the attachment, and alleges that on the date of the attachment the deed of October 30, 1907, had been presented in the registry for record and entered in the journal, and that the defendant firm could have ascertained this fact had it cared to do so; that the certificate of the Treasury attesting that Roberto Vivas had declared that he was the owner of a property of 30 *cuerdas* of land in Orocovis ward of Barros proves nothing because it does not appear that this property was the property belonging to the plaintiff; but on the contrary the plaintiff introduced in evidence a receipt, No. 120, issued by the collector of Barros on November 27, 1915, for taxes on a rural property of 30 *cuerdas* of land situated in Orocovis ward of Barros, the property in question, therefore, being assessed for taxation in the name of the plaintiff; that the marshal, Francisco Carreras, who levied the attachment, testified that he had informed Mr. Aguirre, the attorney in fact of Hernaiz, Targa & Company, that the property sought to be attached did not belong to Roberto Vivas but to the plaintiff, and notwithstanding such advice he insisted upon the levy of the attachment because he had furnished a bond for that purpose, and that the plaintiff testified that she had learned from Hernaiz, Targa & Company's own attorney, Jorge V. Domínguez, that the property had been attached.

The date of the presentation in the registry of the deed of October 30, 1907, does not appear from the statement of

the case, and therefore we have no basis upon which to consider its legal effects in relation to the point under discussion.

The declaration made by Roberto Vivas in the Treasury for the purposes of taxation for the year 1911-12, to the effect that he owned a property of 30 *cuerdas* of land in Orocovis ward of the municipality of Barros, which property is of the same size and situated in the same ward as the property claimed by the plaintiff, without anything to show that they are different properties or that the plaintiff made any objection to the said declaration, constitutes good ground for the belief of Hernaiz, Targa & Company that the attached property belonged to Roberto Vivas and for their opposing the action of intervention in such belief which might have been strengthened by the testimony of Roberto Vivas that he had been in possession of plaintiff's property; and although he held such possession as lessee, it does not appear that the defendant firm was apprised of that fact. The receipt issued by the collector of Barros, which the appellant relies on to show that the property was assessed in the name of the plaintiff, is dated November 27, 1915, or after the attachment of the property, for the attachment was levied on September 25, 1912.

The fact that Marshal Carreras informed the attorney in fact of Hernaiz, Targa & Company at the time of the attachment that the property belonged to the plaintiff and not to Roberto Vivas is not a great factor in support of the appellant's contention in view of the other circumstances of the case which we have stated.

We have examined the plaintiff's testimony and do not find that she testified that Attorney Jorge V. Domínguez, who represented Hernaiz, Targa & Company, told her that the attached property was really her property.

Nor does the fact that the defendants withdrew their cross-complaint favor the appellant. Such withdrawal is not a sufficient reason for imposing upon them the costs and attor-

ney fees incurred by the plaintiff by reason of the cross-complaint.

The blame or temerity of the party against whom judgment is rendered at the trial is what should be taken into consideration in imposing costs, and such blame or temerity should be determined from the trial as a whole and not from partial elements thereof.

We have held repeatedly that this court will not interfere with the exercise of the discretional powers of the trial courts, unless it is shown that an abuse of discretion has been committed. *Blanco* v. *Hernández et al.,* 18 P. R. R. 686; *Cautiño et al.* v. *Muñoz et al.,* 18 P. R. R. 849; *Henna et al.* v. *Sauri & Subirá,* 22 P. R. R. 776. Such abuse has not been shown in the present case.

That part of the judgment of the District Court of Ponce which has been appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.